UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 15, 2014

LETTER TO COUNSEL

RE: *Mary B. Kosyjana v. Commissioner, Social Security Administration*;
Civil No. SAG-13-2838

Dear Counsel:

On September 26, 2013, Mary B. Kosyjana petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 20, 22). I find that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, DENY Defendant's motion and remand the case to the Commissioner. This letter explains my rationale.

Ms. Kosyjana filed her claim for Supplemental Security Income ("SSI") on September 30, 2006. (Tr. 188–91). She alleged a disability onset date of January 1, 2000. (Tr. 188). Her claim was denied initially and on reconsideration. (Tr. 99–102, 103–04). A hearing was held on June 13, 2011, before an Administrative Law Judge ("ALJ").[1] (Tr. 43–88). Following the hearing, the ALJ determined that Ms. Kosyjana was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12–20). On January 23, 2013, the Appeals Council denied Ms. Kosyjana's request for review, (Tr. 5–8), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Kosyjana suffered from the severe impairments of status post carpal tunnel release surgeries bilaterally; fibromyalgia; irritable bowel syndrome (IBS); late effects of musculoskeletal connective tissue injury; lumbar degenerative disc disease; and degenerative joint disease. (Tr. 14). Despite these impairments, the ALJ determined that Ms. Kosyjana retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b). She can lift 20 pounds occasionally and ten pounds frequently. She can sit, stand and/or walk for six

---

[1] Earlier hearings were scheduled on January 9, 2009, April 29, 2009, and August 12, 2009. (Tr. 45). Ms. Kosyjana failed to appear at the first hearing entirely. *Id.* At the second hearing, Ms. Kosyjana appeared without counsel, and elected to postpone the hearing once more, so that she could attempt to retain counsel. (Tr. 39–42). Ms. Kosyjana again failed to appear at the third hearing, after which her claims were dismissed. (Tr. 45). She appealed the dismissal, and the Appeals Council remanded the claims back to the ALJ for the June 2011 hearing. *Id.*

*Mary B. Kosyjana v. Commissioner, Social Security Administration*
Civil No. SAG-13-2838
October 15, 2014
Page 2

> hours in an eight-hour workday, each respectively. She can have no concentrated exposure to extreme cold.

(Tr. 16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Kosyjana could perform jobs existing in significant numbers in the national economy and that therefore she was not disabled. (Tr. 19–20).

Ms. Kosyjana's only argument on appeal is that the ALJ erred in assessing her residual functional capacity—specifically in discrediting her credibility regarding the limiting effects of her symptoms. Ms. Kosyjana contends that her complaints regarding her pain and chronic fatigue are supported by the medical evidence of record, and that the ALJ thus erred by discrediting her statements. Pl.'s Mem. 10–13. After carefully reviewing the full record, I remand the case so that the Commissioner may consider the effect of Social Security Ruling ("SSR") 12–2p, which sets forth guidance regarding the evaluation of fibromyalgia in disability claims. SSR 12–2p went into effect after the ALJ's decision, but before the Appeals Council declined review. *See* SSR 12–2p, 2012 WL 3104869 (July 25, 2012). While the ALJ ultimately concluded that Ms. Kosyjana was not disabled, it is not clear that his decision would have been the same had he employed the guidance of SSR 12–2p.

Although Social Security Rulings do not carry the "force and effect of the law or regulations," *see Heckler v. Edwards*, 465 U.S. 870, 873 n.3 (1984), they are "binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). The Appeals Council issued its decision denying review on January 23, 2013, and thus had the benefit of SSR 12–2p's guidance, yet it appears that the Appeals Council did not consider the ruling. *See* (Tr. 5–8). Other district courts have similarly recommended remand to the Commissioner for consideration of SSR 12–2p, where that ruling was issued between the ALJ's opinion and the decision of the Appeals Council. *See Schuster v. Colvin*, No. 13-cv-0718-WJM, 2014 WL 803461 (D. Colo. Feb. 28, 2014); *Iles v. Colvin*, No. CIV-13-0221-F, 2014 WL 1330010 (W.D. Okla. March 31, 2014). Given that SSR 12–2p is clearly relevant to the evaluation of Ms. Kosyjana's claims, remand is appropriate.[2]

The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Craig*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects her ability to work." *Id.* at 595. When evaluating the limiting effects of a claimant's symptoms, the ALJ must consider all available evidence, including the claimant's medical history, medical signs, and laboratory findings, as well as her own statements regarding the symptoms. 20 C.F.R. § 416.929(c). SSR 12–2p explains that, when assessing the RFC of a person with fibromyalgia, the ALJ should

---

[2] The Commissioner's contention that the ALJ's opinion was "entirely consistent" with SSR 12–2p despite not having the benefit of its guidance is unpersuasive. Def.'s Mot. 18 n.1.

*Mary B. Kosyjana v. Commissioner, Social Security Administration*
Civil No. SAG-13-2838
October 15, 2014
Page 3

"consider a longitudinal record whenever possible because the symptoms of FM [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12–2p, at *6.

In discounting Ms. Kosyjana's statements, the ALJ referred to treatment notes from 2007 that mention her fatigue and describe her fibromyalgia pain as "well tolerated." (Tr. 17, 307). In his RFC evaluation, the ALJ also cited to imaging of her back, neck, and knees that showed mild to moderate changes, and noted her "consistent" failure to "follow through with medical recommendations," including recommendations that she exercise. (Tr. 18). Yet the ALJ also emphasized that she exercised regularly. *Id.* He noted that she provided care for other adults and children, washed dishes, and dressed and bathed herself. *Id.* The ALJ did not consider whether Ms. Kosyjana's fibromyalgia caused her symptoms to fluctuate, nor did he cite any evidence undermining her claims of fatigue.[3] In light of SSR 12–2p's mandate that the ALJ should consider the longitudinal record and take into account the fact that fibromyalgia manifests in bad days and good days, the ALJ's analysis was thus inadequate. Remand is necessary for the ALJ to consider whether the inconsistencies on the record are the result of the fact that fibromyalgia symptoms tend to fluctuate, or whether they genuinely undermine Ms. Kosyjana's credibility. In remanding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Kosyjana is not entitled to benefits is correct or incorrect.

For the reasons set forth herein, both parties' motions for summary judgment, (ECF Nos. 20, 22), are DENIED. The opinion of the Administrative Law Judge is VACATED and the case is REMANDED to the Commissioner for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                      Sincerely yours,

                      /s/

                      Stephanie A. Gallagher
                      United States Magistrate Judge

---

[3] Although I express no opinion on whether Ms. Kosyjana is or is not disabled, I note that the ALJ assigned "substantial weight" to the opinion of Dr. Hunt, who twice mentioned Ms. Kosyjana's need to nap daily and take frequent breaks. (Tr. 18, 428–29). Moreover, although Dr. Hunt opined that Ms. Kosyjana is capable of some amount of work, she did not express an opinion on whether Ms. Kosyjana is capable of a level of work that renders her not disabled. (Tr. 428–29). It is also worth noting that the ALJ assigned substantial weight to Dr. Hunt's opinion, at least in part because it was "based on an ongoing treatment relationship," yet there was only one instance on the record of Dr. Hunt treating Ms. Kosyjana. (Tr. 18)